

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Eugene Vercek | ) Docket No. 2017-06-0219 |
| | ) |
| v. | ) State File No. 29251-2016 |
| | ) |
| YRC, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

### Affirmed and Remanded - Filed June 6, 2017

---

The employer has appealed the trial court's interlocutory order for medical benefits, asserting the medical proof was insufficient for the court to find that the employee will likely prevail at trial in establishing a compensable aggravation of his pre-existing degenerative shoulder condition. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Stephen K. Heard, Nashville, Tennessee, for the employer-appellant, YRC, Inc.

Michael P. Fisher, Nashville, Tennessee, for the employee-appellee, Eugene Vercek

### Memorandum Opinion[1]

Eugene Vercek ("Employee") alleges he suffered an injury to his right shoulder that arose primarily out of and occurred in the course and scope of his employment with YRC, Inc. ("Employer"). He alleges he was cranking a trailer dolly to lower the wheels on April 16, 2016, when he felt a pop and immediate pain in his right shoulder. He

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

reported the incident immediately, and his supervisor instructed him to go to the emergency room. The attending medical care provider ordered x-rays of Employee's shoulder, prescribed medications, and instructed him to follow up with his primary care physician.

Employer initially accepted the claim as compensable and provided medical treatment with Concentra Medical Centers. The medical providers at Concentra ordered a right shoulder MRI and, after receiving the results, referred Employee to an orthopedist. Employer authorized additional medical treatment with Dr. Ronald E. Glenn, an orthopedist whom Employee selected from a panel and who first saw Employee on May 11, 2016. At that visit, Dr. Glenn reviewed the MRI films and examined Employee's right shoulder. He described the injury as "[a]n exacerbation of a pre-existing condition which was clinically silent before the work-related injury." Dr. Glenn recommended conservative care and instructed Employee to return in two weeks. His May 11, 2016 report included the following statement addressing causation:

> I cannot reliably say that the work-related injury caused the findings found on [Employee's] MRI. I can state within a reasonable degree of medical certainty that the current constellation of symptoms are [sic] the result of the work-related injury and exacerbated the pathology seen on the MRI which was previously clinically silent and asymptomatic.

Employee attended physical therapy as ordered by Dr. Glenn, and he also received injections into his shoulder administered by Dr. Glenn's colleagues. When conservative care did not resolve Employee's complaints, Dr. Glenn recommended a total right shoulder replacement.

Thereafter, Employer sent a letter to Employee denying the claim and stating that it had "received information from Dr. Edward Glenn that the recommended course of treatment at this point (total shoulder) is needed to repair glenohumeral osteoarthritis that he believes is a longstanding, preexisting condition." The letter stated that "[a]ccording to Dr. Glenn's opinion . . . the injury at work is not the primary cause of your shoulder disease and need for shoulder replacement," and it further stated that "[s]ince the osteoarthritis is not primarily caused by injury according to Dr. Glenn, the claim for additional benefits is being denied at this point."

Employee's attorney sent a letter to Dr. Glenn on January 20, 2017, seeking answers to four questions "[t]o help us better understand [Employee's] claim." Dr. Glenn responded to each question and indicated it was his opinion "that [Employee's] right shoulder injury of 4/16/2016 resulted in an aggravation of [a] pre-existing or degenerative right shoulder condition." When asked whether Employee's "right shoulder injury arose primarily out of and in the course and scope of the employment," Dr. Glenn marked out "injury" and handwrote "symptoms" and checked "yes" to indicate an affirmative

response. He further indicated it was his opinion that "the treatment [he had] recommended [was] both reasonable and medically necessary in order to treat [Employee's] symptoms arising out of the work injury."

The parties subsequently deposed Dr. Glenn, and he testified that he believed "[Employee's] imaging findings would suggest pathology that has been present for a long time," and that "the work-related injury exacerbated the pathology . . . which previously, before, [sic] the work injury was clinically silent and asymptomatic." Dr. Glenn agreed that the need for the total shoulder replacement was due to "the longstanding arthritic problems." On cross-examination, Dr. Glenn testified it was his opinion "that the aggravation of [the pre-existing condition] arose primarily out of that incident that [Employee] described." He further stated that, if he had detected Employee's arthritic condition, but Employee had been symptom-free, he would not have recommended the total shoulder replacement, noting that "[i]f the patient doesn't have symptoms, I don't recommend any treatment."

At Employee's request and over the objection of Employer, the trial court rendered a decision on the record without holding an evidentiary hearing.[2] After reviewing the deposition testimony of Dr. Glenn and relevant exhibits to the deposition, the trial court concluded that, when considered as a whole, the medical proof supported Employee's position that he suffered a compensable aggravation of a pre-existing condition and was entitled to medical benefits. The trial court noted that Dr. Glenn consistently referred to Employee's injury as an exacerbation of his pre-existing condition and that the medical proof supported the conclusion that the work injury activated a previously asymptomatic condition and resulted in the need for medical care. Concluding that Employee had satisfied his burden of showing that he would likely prevail at trial, the trial court ordered Employer to provide medical treatment for Employee's right shoulder, including the surgery recommended by Dr. Glenn. Employer has appealed.

Citing Tennessee Code Annotated sections 50-6-102(14)(A) and (B), Employer asserts that "[Employee's] 'injury' did not arise primarily out of and in the course and scope of his employment because the preponderance of the evidence does not show that the employment contributed to [sic] more than fifty percent (50%) in causing the injury considering all the causes." Employer argues that the condition the recommended surgery is intended to correct, the underlying degenerative condition, was not primarily caused by the work injury, thereby precluding a finding that Employee would likely

---

[2] Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(f) (2015) provides that "[a]ny party may request that the court issue a decision on the record, in lieu of convening an evidentiary hearing, for any request for expedited hearing." It further provides the procedure in the event a party opposes such a request and states that the trial judge "shall have discretion to either set the matter for an evidentiary hearing or enter a decision on the record." *Id.* Employer has not raised an issue on appeal concerning the trial court's making a determination on the record.

prevail at trial in establishing a compensable claim. We disagree. Dr. Glenn's testimony, taken as a whole, supports the trial court's conclusions that Employee would likely prevail at trial in establishing he suffered a compensable aggravation of his pre-existing condition and that this aggravation caused the need for the medical treatment, including the recommended surgery.

In the Workers' Compensation Reform Act of 2013, the General Assembly provided that the definition of "injury" and "personal injury" does not include "the aggravation of a preexisting disease, condition or ailment *unless* it can be shown to a reasonable degree of medical certainty that the *aggravation* arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2016) (emphasis added). Furthermore, the Reform Act provides that on the issue of causation, "[t]he opinion of the treating physician . . . shall be presumed correct . . . but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E) (2016).

Here, although the authorized physician testified consistently that Employee's underlying degenerative condition is not causally related to his employment, Dr. Glenn testified that Employee's underlying degenerative condition was asymptomatic prior to the incident at work and that the aggravation of Employee's underlying degenerative condition was primarily caused by the work-related incident. Thus, the medical proof established an "aggravation of a preexisting disease, condition, or ailment" that constitutes an "injury" as defined in Tennessee Code Annotated section 50-6-102(14)(A).

Dr. Glenn also testified that the aggravation was responsible for the symptoms that Employee reported and that, in the absence of the aggravation of the underlying degenerative condition, no medical treatment would be recommended. Furthermore, he testified that Employee's symptoms had not returned to baseline or the level they were prior to the injury as of the last date the doctor saw him, and that his recommended surgery was both reasonable and medically necessary in order to treat the symptoms arising from the work injury. A reasonable inference from Dr. Glenn's testimony, when considered as a whole, is that the compensable aggravation of Employee's previously asymptomatic condition led directly to the recommendation for surgery. Accordingly, we find that, at this stage of the proceedings, the preponderance of the evidence supports the trial court's conclusion that Employee demonstrated he is likely to prevail at trial in establishing a compensable aggravation of a pre-existing condition that resulted in the need for the recommended medical treatment.

Finally, Employee concludes his brief on appeal with a request for "an award of reasonable attorney's fees with respect to this appeal." However, Employee failed to present any argument, offer any explanation, or cite any authority in support of his request. Therefore, the request for attorney's fees is denied. The decision of the trial court is affirmed, and the case is remanded for further proceedings that may be necessary.



**FILED**

**June 6, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:48 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Eugene Vercek | ) | Docket No. 2017-06-0219 |
| | ) | |
| v. | ) | State File No. 29251-2016 |
| | ) | |
| YRC, Inc., et al. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of June, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Michael P. Fisher | | | | | X | mfisher@ddzlaw.com |
| Stephen K. Heard | | | | | X | skheard@cclawtn.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov